**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH KOEBERER,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **J.P. MORGAN CHASE, N.A.** ***et al.*****,** <br><br> **Defendants.** | : <br><br> : | **Case No. 2:25-cv-95** <br> **Chief Judge Sarah D. Morrison** <br> **Magistrate Judge Elizabeth Preston Deavers** |

**ORDER**

This matter is before the Court on multiple motions to dismiss.[1] All the motions are fully briefed and ripe for decision.

## I. MOTIONS TO DISMISS FILED BY EDSON H. WILSON (ECF NO. 16) AND CHRISTINE STROM (ECF NO. 30)

Plaintiff Elizabeth Koeberer attempts to bring an abuse of process claim against Mr. Wilson and Ms. Strom. The elements of an abuse of process claim are:

> (1) that a legal proceeding has been set in motion in proper form and with probable cause;
> (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and
> (3) that direct damage has resulted from the wrongful use of process.

[1] Ms. Koeberer filed a Notice of Voluntary Dismissal of TD Ameritrade, Inc. pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). (ECF No. 59.) But "the procedural vehicle for dropping fewer than all the claims or parties is Rule 21." *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415 (S.D. Ohio 2023). Courts "construe filings by their substantive content, not their labels," so the Court will treat Ms. Koeberer's filing as a Rule 21 motion to dismiss TD Ameritrade, Inc. *Id.* at 416. Upon conversion, that Motion is **GRANTED**.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 298 (1994). "[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* at 298, fn. 2, citing Prosser & Keeton, *Law of Torts* § 121, at 898 (5th Ed. 1984). Similarly, "abuse of process does not occur when a party uses the court to pursue a legal remedy that the court is empowered to give." *Sivinski v. Kelley*, 2011-Ohio-2145, ¶ 37 (8th Dist.), citing *Ruggerio v. Kavlich,* 2010-Ohio-3995, (8th Dist.).

While the Complaint is not entirely clear, Ms. Koeberer states in her Memorandum in Opposition to the Motion to Dismiss that the basis for her claim against Mr. Wilson is that, during state court litigation in the Probate Court, he filed a motion for fees and expenses pursuant to Ohio Rev. Code § 2323.51. (ECF No. 41, PAGEID # 467.) According to Ms. Koeberer, Mr. Wilson's attorney filed the motion to "undermine[] Plaintiff's rights to a timely appeal." (ECF No. 1 ("Compl.") ¶ 268.) These allegations are insufficient as a matter of law. Rather, the allegations make clear that Mr. Wilson did nothing more than carry out the Probate Court proceeding to its authorized conclusion—Ohio Rev. Code § 2323.51 allows a party to seek sanctions and Mr. Wilson's motion was granted by the Probate Court. (Compl. ¶ 415.) There is no liability for abuse of process under the facts alleged. Mr. Wilson's Motion to Dismiss is **GRANTED**.

The allegations against Ms. Strom fare no better. Ms. Koeberer alleges that Ms. Strom signed various documents related to the Probate Court proceedings

(Compl. ¶¶ 219–223, 227) and that she moved to exclude or limit witnesses in the Probate Court (*Id.* ¶ 334). The Probate Court docket reflects that Ms. Strom's motion was granted; she carried out the legal proceeding in that court to its authorized conclusion.[2] Ms. Strom's Motion to Dismiss is **GRANTED**.

## II. CHASE'S MOTION TO DISMISS (ECF NO. 46.)

Ms. Koeberer seeks to bring four claims against J.P. Morgan Chase Bank, N.A. ("Chase")—Negligence (Counts 1 and 3), violation of Regulation E and Funds Transfer Act ("EFTA") (Count 2), and violation of the National Automated Clearing House Association ("NACHA") rules (Count 4).

### A. The economic loss doctrine bars the negligence claims.

Under Ohio law, the economic loss rule "'generally prevents recovery in tort of damages for purely economic loss.'" *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006) (citing *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 2005-Ohio-5409, ¶ 6).

> [T]o recover indirect economic damages in a negligence action, the plaintiff must prove that the indirect economic damages arose from tangible physical injury to persons or from tangible property damage. Indirect economic damages that do not arise from tangible physical injury to persons or from tangible property damage may only be

[2] "Court filings and docket entries are considered matters of public record which may be consulted in deciding a Rule 12(b)(6) motion." *Patterson v. Chambers-Smith*, No. 3:21-CV-2210, 2023 WL 3467477, at *1 (N.D. Ohio Apr. 25, 2023) (citation omitted). The Probate Court docket reflects that the Magistrate issued a May 2, 2022 Order granting the "Motion to Exclude or Limit Witnesses." The full probate court docket can be found on the Franklin County, Ohio Court of Common Pleas, Probate Division website, Case No. 563322. *See* https://probate.franklincountyohio.gov/record-search/general-case-index, last accessed June 18, 2025.

recovered in contract.

*Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 73 Ohio St.3d 609, 615 (1995).

Addressing the application of the economic loss rule, several courts have explained, "[w]here the tort claim alleges a breach of an independent duty, it must also allege damages that are separate and distinct from the breach of contract." *Ineos USA L.L.C. v. Furmanite America, Inc.*, 2014-Ohio-4996, ¶ 21 (citation omitted). Thus, "where a plaintiff has suffered only economic harm as a result of a defendant's breach of duty, the economic-loss rule will bar the tort claim if the duty only arose by contract." *Campbell v. Krupp*, 2011-Ohio-2694, ¶ 16 (6th Dist.); *Corporex* at ¶ 6, quoting *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Assn.*, 54 Ohio St.3d 1, 7 (1990).

Here, Ms. Koeberer negligence claims arise solely from contract—her claims stem from Chase's account management. And her alleged damages are purely economic in nature—she does not allege that Chase caused any physical injury or tangible property damage. Accordingly, her negligence claims against Chase are **DISMISSED**.

**B. The EFTA claim is time-barred.**

An EFTA claim against a financial institution must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g). If the claim relates to alleged unauthorized transfers, the one-year statute of limitations begins to run on the date the allegedly unauthorized transfer takes place. *Wike v.*

*Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009); *see also Wheeler v. Native Com. Studios, LLC*, Case No. 2:17-CV-51, 2018 WL 447716, at *1 (W.D. Mich. Jan. 17, 2018) (holding that the statute of limitations for an EFTA claim runs on all recurring payments upon completion of the first payment).

Ms. Koeberer alleges, among other things, that there was an unauthorized name on a trust account and that there were unauthorized transfers from that account for which her liability should have been limited. (Compl. ¶¶ 695, 698.) Assuming without deciding that these allegations support an EFTA claim, none of her allegations identify any unauthorized transfers within a year of the date that the Complaint was filed. In fact, most of the allegations relate to activity in 2014 and 2015—for example, Chase gave her a signature card in the wrong name in January 2015. (Compl. ¶ 124.)

In response to Chase's Motion to Dismiss, Ms. Koeberer does not dispute that there were no unauthorized transfers in the year before she filed this suit. Rather, she argues that the discovery rule extended the running of the statute of limitations on her claim. (Memo Contra, ECF No. 50.) But this argument is not supported by the language in the statute. Rather, as cited above, EFTA specifically requires that claims must be brought "within one year *from the date of the occurrence of the violation*." 15 U.S.C. § 1693m(g) (emphasis added). And federal courts have consistently found that the discovery rule does not apply to EFTA claims. *See, e.g.*, *Walbridge v. Ne. Credit Union*, 299 F. Supp. 3d 338, 351 (D.N.H. 2018).

Even if the discovery rule did apply, Ms. Koeberer's allegations that she

repeatedly warned Chase "over a period of nearly ten (10) years" of her concerns with Chase's conduct show that she knew of her claim years ago. (Compl. ¶ 727; *see* ECF No. 50, PAGEID # 633.) Yet she did not bring this action until 2025, i.e., more than a year after she knew of Chase's alleged wrongful conduct.

Accordingly, the EFTA claim against Chase is **DIMISSED**.

### C. Ms. Koeberer lacks standing to assert a violation of NACHA.

NACHA is a nonprofit organization that governs the Automatic Clearing House ("ACH") banking network. *See About Us,* NACHA, www.nacha.org/content/about-us (last visited June 18, 2025). The NACHA Rules are "essentially a multilateral contract" that financial institutions are required to conform with when performing ACH transactions. *Affinion Benefits Group, LLC v. Econ-O-Check Corp.*, 784 F. Supp. 2d 855, 876 (M.D. Tenn. 2011); *see also Sinclair Oil Corp. v. Sylvan State Bank*, 894 F. Supp. 1470, 1477–78 (D. Kan. 1995).

Ms. Koeberer alleges that Chase had a duty to comply with NACHA Rules to make reasonable efforts to recover fraudulently withdrawn funds. (Compl. ¶ 717.) However, to have standing to enforce any obligations of a bank under the NACHA Rules, a plaintiff "must show that [she] is a contracting party to the rules or that [she] is an intended third party beneficiary of the contract." *Sinclair*, 894 F. Supp. at 1477–78. In fact, NACHA itself has made clear that its rules do not create a remedy or claim for relief on behalf of a bank customer. *See Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio*, No. CIV. 09-2751, 2010 WL 4224473, at *10 (E.D. Pa. Oct. 22, 2010) (citing NACHA 2008 Amendment to its rules entitled

"Beneficiaries of the Rules").

Ms. Koeberer has not alleged facts that would demonstrate that she is a NACHA party or that she is a third-party beneficiary of the NACHA rules. Her NACHA claim is **DISMISSED**.

### D. Declaratory Judgment Claim

The Declaratory Judgment Act is procedural in nature and "does not create an independent cause of action" that can be invoked absent some showing of an articulated legal wrong. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Because Ms. Koeberer's other claims against Chase have been dismissed, her declaratory judgment claim likewise fails.

## III. RYAN GORDON'S MOTION TO DISMISS (ECF NO. 44)

Ryan A. Gordon, Esq. and The Law Office of Ryan Gordon, Esq., L.L.M., LLC[3] ("Gordon Defendants") move to dismiss on the grounds that the Court lacks subject matter jurisdiction over the claim against them.

According to the Complaint, the Gordon Defendants represented Ms. Koeberer in the Franklin County Court of Common Pleas, Case No. 22cv2604. (Compl. ¶ 19.) The Complaint alleges "negligent representation" by these Defendants. (*Id.*, PAGEID # 149.)

Negligence is a state law claim, so it does not provide the Court with federal question jurisdiction under 28 U.S.C. § 1331. The court also does not have diversity

[3] The Complaint incorrectly designated the law firm as "Ryan Gordon LLM." (ECF No. 44.)

jurisdiction under 28 U.S.C. § 1332 because Ms. Koeberer and the Gordon Defendants are all Ohio residents. (Compl. ¶¶ 18, 19.) Thus, the only basis for the Court to exercise jurisdiction over this claim is through the exercise of supplemental jurisdiction.

Courts may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under the Court's original jurisdiction. 28 U.S.C. § 1367(a). "'Claims form part of the same case or controversy when they derive from a common nucleus of operative facts.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004). A district court may properly exercise supplemental jurisdiction when (1) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims derive from a common nucleus of operative fact; and (3) the plaintiff's claims are such that she would ordinarily be expected to try them all in one judicial proceeding. *Transcon. Leasing Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 165–66 (6th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction is a doctrine of discretion, which allows courts to weigh judicial economy and convenience and fairness to litigants. *Id*.

Here, the only federal claim was brought against Chase, so that federal claim must bear commonality with the facts necessary to sustain Ms. Koeberer's claim against the Gordon Defendants. It does not. Accordingly, the Court **DIMISSES without prejudice** the claim against the Gordon Defendants.

## IV. REMAINING CLAIMS[4]

After the rulings above, the only remaining claims are Ms. Koeberer's state law claims against Robert Weir.[5] The Court lacks diversity jurisdiction over these claims because Ms. Koeberer and Mr. Weir are both Ohio residents. (Compl. ¶¶ 12-14.) Thus, the Court must exercise its supplemental jurisdiction to retain them. But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers*, 383 U.S. at 726. The Court finds that exercising supplemental jurisdiction over Ms. Koeberer's state law claims against Mr. Weir after dismissing the federal claim would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Accordingly, Ms. Koeberer's supplemental state law claims against Mr. Weir are **DISMISSED without prejudice**.

---

[4] Ms. Koeberer also names ten Doe Defendants in her Complaint. Neither her federal EFTA claim nor her state law claims in this action are specified as being against the Doe Defendants. But, as discussed above, her federal claim is time-barred against Chase and the Complaint contains no allegations suggesting the same would not be true as to the Doe Defendants. And to the extent Ms. Koeberer brings her state law claims against the Doe Defendants, the Court lacks diversity jurisdiction over those claims because she also brought them against Ohio residents and the Court declines to exercise supplemental jurisdiction over those claims as to the Doe Defendants. Accordingly, to the extent Ms. Koeberer brings her federal EFTA claim against the Doe Defendants, that claim is **DISMISSED**. And to the extent Ms. Koeberer brings supplemental state law claims against the Doe Defendants, those claims are **DISMISSED without prejudice**.

[5] Ms. Koeberer's Complaint names Mr. Weir as a defendant in three capacities: "Robert E. Weir, Attorney at Law", "Robert E. Weir, Successor Trustee", and "Robert E. Weir, Attorney for Wilson Family Trust".

## V. CONCLUSION

Ms. Koeberer's Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal of TD Ameritrade (ECF No. 59) is construed as a Rule 21 Motion to Dismiss and **GRANTED**.

The Motions to Dismiss filed by Edson Wilson (ECF No. 16), Christine Strom (ECF No. 30), Chase Bank (ECF No. 46), and the Gordon Defendants (ECF No. 44) are **GRANTED**.

The claims against Ryan A. Gordon, Esq., The Law Office of Ryan Gordon, Esq., L.L.M., LLC, and Robert Weir are **DISMISSED without prejudice**.

Finally, to the extent Ms. Koeberer brings her federal EFTA claim against the Doe Defendants, that claim is **DISMISSED**. And to the extent Ms. Koeberer brings supplemental state law claims against the Doe Defendants, those claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**